869 So.2d 529 (2002)
Trumaine ARRINGTON
v.
STATE of Alabama.
CR-00-0995.
Court of Criminal Appeals of Alabama.
August 30, 2002.
Rehearing Denied October 18, 2002.
Gerald Gregory White, Birmingham, for appellant.
*530 William H. Pryor, Jr., atty. gen., and Robin Blevins, asst. atty. gen., for appellee.

On Rehearing Ex Mero Motu[*]
PER CURIAM.
This Court's unpublished memorandum of October 19, 2001, is withdrawn, and the following opinion is substituted therefor. See Wade v. State, 51 Ala.App. 441, 286 So.2d 317 (1973).
Trumaine Arrington was convicted of one count each of first-degree robbery, a violation of § 13A-8-41, Ala.Code 1975, and of attempted murder, a violation of § 13A-4-2 and § 13A-6-2, Ala.Code 1975. He was sentenced to 30 years' imprisonment for each conviction; the sentences were to run concurrently. He was ordered to pay a $50 assessment to the Alabama Crime Victims Compensation Commission.
Arrington raises three issues on appeal. However, based on this Court's opinion in the case of Arrington's codefendant, Antywan Develle Wilson, Wilson v. State, [Ms. CR-00-1003, April 26, 2002] ___So.2d ___(Ala.Crim.App.2002), whose trial was consolidated with Arrington's, we need address only one of his claims.
Arrington argues that the trial court erred in overruling his motion for a mistrial based on the State's failure to produce allegedly exculpatory evidence, in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Specifically, Arrington contends that the prosecution withheld the statements of three witnesses, which were given to Detective Cory Hardiman, evidence that would have been favorable to his defense had it been disclosed and that, he says, would have changed the outcome of his trial. He further contends that he was prejudiced by being unable to investigate and prepare evidence to rebut the content of the statements of those witnesses, because of the State's failure to disclose Detective Hardiman's notes regarding the interviews of the three witnesses. Based on our decision in Wilson v. State, we agree. As we noted in Wilson:
"Thus, the trial court's corrective action, though well-intentioned, was inadequate in that it did not have the effect of correcting the prosecutor's failure to produce the exculpatory evidence.
"This Court, in Jefferson v. State, 645 So.2d 313 (Ala.Crim.App.1994), stated that'"the existence of any small piece of evidence favorable to the defense may, in a particular case, create just the doubt that prevents the jury from returning a verdict of guilty."` Jefferson v. State, 645 So.2d at 316-17 (quoting United States v. Bagley, 473 U.S. 667, 692-93, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) (Marshall, J., dissenting)). Had Wilson known of the content of Detective Hardiman's notes, he would certainly have made a greater attempt to locate the three witnesses and secure their testimony for trial.
"....
"We note that, based on their statements, the testimony of these three witnesses would not have been cumulative, as each of them observed different details *531 about the confrontation and alleged getaway car.
"While we cannot state with certainty that Wilson would have been acquitted if the other two witnesses had testified and been subjected to cross-examination,[[1]] that is not for this Court to decide. `"The credibility of witnesses and the weight or probative force of testimony is for the jury to judge and determine." `Daniels v. State, 762 So.2d 864, 866 (Ala.Crim.App.1999) (quoting Zumbado v. State, 615 So.2d 1223, 1241 (Ala. Crim.App.1993)). The fact remains that, because the prosecution failed to produce Detective Hardiman's notes before trial, Wilson was not afforded the opportunity to present a full and complete defense.
"....
"... In light of the fact that the first trial ended in a hung jury, there is a reasonable probability that the additional witnesses would have swayed the jury so that it might have acquitted him. Because of the facts and circumstances presented in the record and because the prosecutor failed to produce the notes, we cannot say that Wilson received a fair trial. Therefore, we hold that the trial judge's corrective action, though well-intentioned, was not sufficient to cure the error caused by the prosecutor's failure to provide material exculpatory evidence, i.e., Detective Hardiman's notes, to the defendant. Therefore, we have no alternative but to remand this cause for a new trial."
___So.2d at ___.
Based on the foregoing, Arrington's convictions for robbery and attempted murder are reversed and this cause is remanded with directions for the trial court to conduct a new trial.
ON REHEARING EX MERO MOTU; UNPUBLISHED MEMORANDUM OF OCTOBER 19, 2001, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
McMILLAN, P.J., and COBB and SHAW, JJ., concur. BASCHAB and WISE, JJ., dissent, each with opinion.
BASCHAB, Judge, dissenting.
Under the specific facts of this case, I believe that error, if any, in the State's nondisclosure was harmless. Therefore, I respectfully dissent.
WISE, Judge, dissenting.
I dissent from the majority opinion reversing Arrington's attempted-murder and robbery convictions. Although I do not condone the State's failure to comply with court-ordered discovery, not every discovery violation requires a new trial. Accordingly, I dissent for the same reasons as stated in my dissent in Wilson v. State, [Ms. CR-00-1003, April 26, 2002] ___ So.2d___(Ala.Crim.App.2002) (Wise, J., dissenting).
NOTES
[*] Note from the reporter of decisions: On October 19, 2001, the Court of Criminal Appeals affirmed, without opinion. On November 9, 2001, that court denied rehearing, without opinion. On January 25, 2002, the Supreme Court denied certiorari review without opinion and a certificate of judgment was issued by the Court of Criminal Appeals. On August 1, 2002, the following entry appears on the Court of Criminal Appeals' docket sheet: "The certificate of Judgment issued by this court on January 25, 2002, is hereby recalled. This case is placed on rehearing ex mero motu."
[1] Wilson was able to locate one of the witnesses and secure her testimony at trial.