*533
On Remand from the Alabama Supreme Court

PER CURIAM.
The appellant, Trumaine Arrington, was convicted of one count of attempted murder and one count of first-degree robbery. Arrington’s codefendant, Antywan Develle Wilson, whose case was consolidated with Arrington’s, was also convicted of attempted murder and first-degree robbery. In separate opinions, this Court reversed both Wilson’s convictions and Arrington’s convictions, on the ground that the trial court erred in overruling their motions for a mistrial based on the State’s failure to produce allegedly exculpatory evidence, in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Arrington v. State, 869 So.2d 529 (Ala. Crim.App.2002); Wilson v. State, [Ms. CR-00-1003, April 26, 2002] — So.2d - (Ala.Crim.App.2002). On June 13, 2003, the Alabama Supreme Court reversed this Court’s judgment reversing Wilson’s convictions, holding that the State’s failure to disclose the police detective’s case notes that contained three witness statements identifying someone other than the defendant as the assailant did not constitute a Brady violation. Wilson v. State, [Ms. 1020014, June 13, 2003] — So.2d-(Ala.2003). On June 27, 2003, the Alabama Supreme Court, on the authority of Wilson v. State, reversed this Court’s judgment in Arrington v. State, supra, and remanded the case for this Court “to affirm Arrington’s convictions and sentences.” Arrington v. State, 869 So.2d 531, 532 (Ala.2003).
Therefore, on the authority of Wilson v. State, and in accordance with the Supreme Court’s directive in Arrington v. State, Arrington’s convictions and sentences are hereby affirmed.
AFFIRMED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ, concur.